IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **INGRID JOHNSON** <br> 2902 Greenwich Court, Apt. 488 <br> Crofton, Maryland 21114 | * <br><br> * | |
| **Plaintiff** | * | |
| vs. | * | Civil Action No. 1:18-cv-952 |
| **JAVIER FLORES** <br> 214 W. Monroe Avenue <br> New Castle, Delaware 19720 | * <br><br> * | |
| **Defendant.** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

COMES NOW, the Plaintiff, Ingrid Johnson, by and through counsel, John P. Valente, III and The Valente Law Group, and files this Complaint against the Defendant, Javier Flores, setting forth the following:

1. That Plaintiff, Ingrid Johnson, is a citizen of the United States who is domiciled in the State of Maryland.

2. That Defendant, Javier Flores, is a citizen of the United States who is domiciled in the State of Delaware.

3. That the parties were involved in a motor vehicle accident which occurred on New York Avenue in the District of Columbia.

## JURISDICTION AND VENUE

4. That, pursuant to 28 U.S.C.S. § 1332(a)(1), this Court has original jurisdiction of this claim because the Plaintiff and Defendant are citizens of different States and the matter in

1

controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

5. That venue is proper in this jurisdiction under 28 U.S.C.S. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in the District of Columbia.

## FACTS COMMON TO ALL COUNTS

6. That on or about March 30, 2017 at approximately 7:15 a.m., the Plaintiff, Ingrid Johnson, was operating a motor vehicle on New York Avenue, when she came to a complete stop for a red traffic light governing her direction of travel.

7. That on the same date, time, and location described herein, the Defendant, Javier Flores, was also traveling on New York Avenue, operating a motor vehicle in a position behind the Plaintiff's vehicle, when, suddenly and without warning, the Defendant, Javier Flores, negligently operated his vehicle into the rear of Plaintiff's vehicle and a collision occurred between the two (2) vehicles.

## COUNT I
### (Negligence)

8. That the Plaintiff hereby repeats and realleges as if set forth fully herein the allegations contained in paragraphs 1 through 7 of this Complaint.

9. That at all times relevant herein, the Defendant, Javier Flores, had a duty to maintain a proper lookout, to exercise due care in the operation of his motor vehicle, to operate said vehicle in a safe and prudent manner, to drive at a speed in accordance with all prevailing road and/or traffic conditions, to keep a safe distance between his vehicle and the Plaintiff's vehicle, to maintain control over his vehicle to avoid colliding with the Plaintiff's vehicle, to drive

in accordance with all prevailing traffic rules and regulations, and otherwise to pay full time and attention to the operation of his motor vehicle.

10. That the Defendant, Javier Flores, breached his aforementioned duties owed to the Plaintiff, Ingrid Johnson, in failing to maintain a proper lookout, in failing to exercise due care in the operation of his motor vehicle, in failing to operate said vehicle in a safe and prudent manner, in failing to drive at a speed in accordance with all prevailing road and/or traffic conditions, in failing to maintain control over his vehicle to avoid colliding with the Plaintiff's vehicle, in failing to keep a safe distance between his vehicle and the Plaintiff's vehicle, in failing to drive in accordance with all prevailing traffic rules and regulations, and otherwise in failing to pay full time and attention to the operation of his motor vehicle.

11. That as a direct and proximate result of the negligent actions of Defendant, Javier Flores, the Plaintiff, Ingrid Johnson, received severe, painful and permanent injuries to her body, as well as severe and protracted shock to her nervous system, all of which have caused and will continue to cause her great pain, suffering, mental anguish and other non-economic damages.

12. That as a direct and proximate result of the negligent actions of the Defendant, Javier Flores, the Plaintiff, Ingrid Johnson, has been forced to expend and will continue to expend in the future, large sums of money for hospitalization, x-rays, doctors, nurses, medical treatment, and medications for the treatment of the aforementioned injuries sustained by Plaintiff in this car crash.

13. That as a direct and proximate result of the negligence of the Defendant, Javier Flores, the Plaintiff, Ingrid Johnson, was forced to lose time from her employment and suffered a loss of wages.

14. That as a direct and proximate result of the negligence of the Defendant, Javier Flores, the Plaintiff, Ingrid Johnson, suffered damage to her personal property, including to her motor vehicle.

15. That at no time relevant hereto was the Plaintiff, Ingrid Johnson, contributorily negligent nor did she assume the risk.

WHEREFORE, Plaintiff, Ingrid Johnson, seeks judgment against the Defendant, Javier Flores, for the sum of Five Hundred Thousand Dollars ($500,000.00), plus interest and costs.

Respectfully submitted:

THE VALENTE LAW GROUP

_____
John P. Valente, III
Federal ID #: 22233
2200 Defense Highway, Suite 304
Crofton, Maryland 21114
(410) 451-1777
*Counsel for Plaintiff*

## JURY DEMAND

The Plaintiff, Ingrid Johnson, demands a trial by jury in the above-captioned matter.

_____
John P. Valente, III